UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLIAM B. COLEMAN COMPANY,                          CIVIL ACTION
INC.

VERSUS                                               NO. 22-1686

MT. HAWLEY INSURANCE                                 SECTION "R" (2)
COMPANY


**ORDER AND REASONS**

Before the Court is defendant Mt. Hawley Insurance Company's ("Mt. Hawley") motion to transfer venue.[1]  To date, plaintiff has not filed an opposition to this motion.  For the foregoing reasons, the Court grants defendant's motion.


## I.    BACKGROUND

This case arises from an insurance dispute.  Plaintiff William B. Coleman Co., Inc. owns property in Harahan, Louisiana that allegedly sustained damage during Hurricane Ida.[2]  Plaintiff's property was insured under a commercial property policy issued by defendant Mt. Hawley.[3]

---

[1]    R. Doc. 3.
[2]    R. Doc. 1-4 ¶¶ 4, 6, 8.
[3]    *Id.* ¶ 5.

Plaintiff alleges that Mt. Hawley failed to timely compensate it under the terms of the policy after it provided Mt. Hawley with sufficient proof of loss.[4] Accordingly, on May 10, 2022, plaintiff filed a complaint against Mt. Hawley in Louisiana state court, asserting claims for breach of an insurance contract and bad faith under Louisiana Revised Statutes §§ 22:1892 and 22:1973.[5] Mt. Hawley subsequently removed the case to this Court on the basis of diversity jurisdiction.[6]  After removing the case, Mt. Hawley now moves to transfer venue to the Southern District of New York, pursuant to 28 U.S.C. § 1404(a).[7]  Defendant seeks to transfer this case based on a forum-selection clause in plaintiff's insurance policy that states:

**LEGAL ACTION CONDITIONS ENDORSEMENT**

. . .

All matters arising hereunder including questions related to the validity, interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules).

It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, any Named Insured, any additional insured, and any beneficiary hereunder shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York, and shall comply with all the requirements necessary to give such court jurisdiction.   Any litigation

---

[4]   *Id.* ¶¶ 11-17.
[5]   *Id.* ¶¶ 25-39.
[6]   R. Doc. 1.
[7]   R. Doc. 3.

> commenced by any Named Insured, any additional insured, or any beneficiary hereunder against the Company shall be initiated in New York.  Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court.[8]

Mt. Hawley contends that plaintiff violated the above forum-selection clause by filing suit in Louisiana, and that a transfer of this case is necessary to enforce the forum-selection clause.[9]

## II.    LEGAL STANDARD

A district court may transfer an action to any other district where the plaintiff could have filed suit "for the convenience of parties and witnesses" when such a transfer is "in the interest of justice."  28 U.S.C. § 1404(a). Although plaintiffs' choice of forum is important, it is not determinative.  *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008), *overturned on other grounds*, 545 F.3d at 304 (*In re Volkswagen II*) (explaining that under section 1404(a) the plaintiff's choice of forum is to be considered, but also noting that "the statute requires only that the transfer be '[f]or the convenience of the parties, in the interest of justice.'" (quoting *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1247 (5th Cir. 1983))).

---

[8]      R. Doc. 3-1 at 1-2.

[9]      *Id.*

3

The defendant moving to transfer venue must first demonstrate that the plaintiff could have brought the action in the transferee court initially. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*In re Volkswagen I*) ("In applying the provisions of § 1404(a), we have suggested that the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."). The defendant must then show "good cause" for transfer. *In re Volkswagen II*, 545 F.3d at 315 (explaining that the "good cause" burden reflects the appropriate deference to which the plaintiff's choice of venue is entitled); *see also* 28 U.S.C. § 1404(a). To show good cause, a defendant must satisfy the statutory requirements and clearly demonstrate that the transferee venue is more convenient for the parties and witnesses. *Id.* In determining convenience, the Court must consider both private and public interest factors:

> The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

*In re Volkswagen II*, 545 F.3d at 315 (quotation and alteration omitted).

But in *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, the Supreme Court held that the presence of a mandatory forum-selection clause alters the balancing test in three ways.  571 U.S. 49, 63 (2013).  First, "the plaintiff's choice of forum merits no weight," because when a plaintiff has agreed to a forum-selection clause, the plaintiff "has effectively exercised its 'venue privilege' before a dispute arose."  *Id.* at 63-64.  Second, because the parties to a forum-selection clause have waived the right to challenge the preselected forum as inconvenient, "the private-interest factors weigh entirely in favor of the preselected forum," and thus the "district court may consider arguments about public-interest factors only."  *Id.* at 64.  And third, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules."  *Id.* at 64-65.

In sum, under the *Atlantic Marine* test, a valid forum-selection clause "should be given controlling weight in all but the most exceptional cases."  *See id.* at 63 (quoting *Stewart Org., Inc. v. Rioch Corp.*, 487 U.S. 22, 29 (1988)).  Similarly, the Fifth Circuit has held that there is "a 'strong presumption' in favor of enforcing mandatory forum-selection clauses."  *Al*

*Copeland Invs., L.L.C. v. First Specialty Ins. Corp.*, 884 F.3d 540, 543 (5th Cir. 2018).

## III.  DISCUSSION

Mt. Hawley asserts that the forum-selection clause at issue here is mandatory, valid, enforceable, and covers plaintiff's claims.[10]  "A mandatory [forum-selection clause] affirmatively requires that litigation arising from the contract be carried out in a given forum."  *Weber v. PACTR XPP Techs., AG*, 811 F.3d 758, 766 (5th Cir. 2016) (citing *Atl. Marine*, 134 S. Ct. at 575, 579).  A clause is considered mandatory "only if it contains clear language specifying that litigation *must* occur in the specified forum."  *Id.*  Here, the forum-selection clause states that "[a]ny litigation commenced by any Named Insured . . . against [Mt. Hawley] shall be initiated in New York."[11]  Given the use of the word "shall," the Court finds that the forum-selection clause here is mandatory.  *See Bentley v. Mut. Benefits Corp.*, 237 F. Supp. 2d 699, 701 & n.5 (S.D. Miss. 2002) (noting that courts within the Fifth Circuit have found "forum selection clauses mandatory . . . because of express language of limitation," such as "only," "must," or "shall"); *Atl. Marine*, 571

---

[10]     R. Doc. 3-1 at 6-9.
[11]     R. Doc. 3-2 at 100.

U.S. at 53 (enforcing a forum-selection clause that stated that all disputes between the parties "shall be litigated in the Circuit Court for the City of Norfolk, Virginia, or the United States District Court for the Eastern District of Virginia, Norfolk Division").  Additionally, plaintiff's claims against Mt. Hawley fall within the scope of this broadly written forum-selection clause.

As to enforceability, a forum-selection clause is presumptively valid, and should be enforced unless the non-moving party can show that enforcement would be unreasonable or unjust under the circumstances. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 16-17 (1972).  A clause is unreasonable when: (1) its formation was a product of fraud or overreaching; (2) the plaintiff "for all practical purposes [will] be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum;" (3) the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the clause would "contravene a strong public policy of the forum state."  *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 301 (5th Cir. 2016).

Here, plaintiff has made no showing that the forum-selection clause in its insurance contract is unreasonable.  Nor has plaintiff attempted to establish that the forum-selection clause is unfair in light of the parties' relative bargaining power. *See Stewart*, 487 U.S. at 29 (directing the district

court on remand to address any potential unfairness resulting from the possible uneven bargaining power of the parties). The section that includes the relevant clause is titled "LEGAL ACTION CONDITIONS ENDORSEMENT" in bold, capitalized typeface.[12] *See Girdler v. Am. Com. Barge Line, LLC*, No. 17-6593, 2017 WL 6451750, at *3 (E.D. La. Dec. 18, 2017) (finding a forum-selection clause to be enforceable when it was "written in the same font and text size as[] the rest of the form"). Further, courts have routinely enforced forum-selection clauses in analogous situations. *See, e.g.*, *Al Copeland*, 884 F.3d at 542-53 (affirming the district court's dismissal of an insurance dispute that was covered by a forum-selection clause that required litigation in New York); *In re Mt. Hawley Ins. Co.*, No. 22-30111 (5th Cir. Apr. 28, 2022) (ordering a district court to vacate its decision denying transfer in a case involving the same forum-selection clause at issue here). Accordingly, the Court finds that plaintiff has not overcome the presumption that the forum-selection clause is enforceable.

Because the forum-selection clause is both mandatory and enforceable, the Court must consider transfer in light of the public-interest factors. *Atl. Marine*, 571 U.S. at 63 n.6. Plaintiff has not identified any public-interest factors that counsel against transferring the case to the forum to which the

---

[12]     *Id.*

8

parties contractually agreed.  And the Court notes that the final public-interest factor—avoidance of unnecessary problems of conflicts-of-law or application of foreign law—weighs in favor of transfer.  *See id*. at 64-65 (noting that a section 1404(a) transfer of venue in a case with a valid forum-selection clause "will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations").

The Court therefore finds that this is not one of the "unusual cases" when consideration of the public-interest factors will defeat a transfer motion.  *See id*. at 64 ("Because [the public-interest] factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases.").  The Court therefore concludes that transfer of this matter to the U.S. District Court for the Southern District of New York, is appropriate.

## IV.   CONCLUSION

For these reasons, the Court GRANTS Mt. Hawley's motion to transfer venue.[13]   This matter is TRANSFERRED to the U.S. District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

New Orleans, Louisiana, this __18th__ day of July, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[13]     R. Doc. 3.